866 F.2d 1149
 29 ERC 1001, 57 USLW 2472, 12
Fed.R.Serv.3d 1467,
19 Envtl. L. Rep. 20,374
 ASCON PROPERTIES, INC., Plaintiff-Appellant,
v.
MOBIL OIL COMPANY; Shell Oil Company; TRW; Douglas Oil
Company; Edgington Oil Company; Aluminum & Magnesium Inc.;
Routh Transport/IT Corporation; Southern California Edison
Company; Sabre Refining Company; Dow Chemical Company;
BKK Corporation; SoCal Oil & Refining Company; Signal
Companies & Signal Oil Company, Defendants-Appellees.
 No. 87-5807.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 2, 1988.
Decided Jan. 31, 1989.
 
 Raphael Metzger, Seal Beach, Cal., for plaintiff-appellant.
 Ward L. Benshoof, McClintock, Kirwan, Benshoof, Rochefort & Weston, and Lori Huff Dillman, Sidley & Austin, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before WALLACE, FARRIS and WIGGINS, Circuit Judges.
 WALLACE, Circuit Judge:
 
 
 1
 Ascon Properties, Inc. (Ascon) appeals from a judgment dismissing its action brought against certain alleged generators and transporters of hazardous waste (Mobil). The district court dismissed Ascon's first claim brought under section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. Sec. 9607(a) (CERCLA), for failure to state a claim upon which relief could be granted. Ascon's second claim, brought under the Resource Conservation Recovery Act, 42 U.S.C. Sec. 6972(a) (RCRA), was dismissed for lack of subject matter jurisdiction or for failure to state a claim--the record is unclear. Ascon also appeals the district court's denial of leave to amend. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We reverse the dismissal of Ascon's CERCLA claim, and affirm the dismissal of the RCRA claim.
 
 
 2
 * According to its second amended complaint, Ascon purchased a 37-acre parcel of land in Huntington Beach, California (property) on February 8, 1983, which it intended to develop. Between 1938 and 1972, the property was used as an active disposal site for waste from both industrial sources and oil field operations. Although Ascon knew that the property had been used as a landfill for waste material, it allegedly did not know that hazardous wastes had been deposited there.
 
 
 3
 The California Department of Health Service (Department) was assigned the "lead agency" role by the Environmental Protection Agency (EPA) to clean up hazardous waste sites in California. The Department declared the property a hazardous waste site through publication of its State Priority Ranking List on January 10, 1984. On October 1, 1984, Ascon sent a letter to Mobil requesting a "sum certain" to cover the costs of cleaning up the property. The Department issued a demand letter on October 29, 1984, to some of the parties potentially liable for clean-up costs. On February 21, 1985, the Department demanded that Ascon submit a hazardous substance response plan, or Remedial Action Master Plan, for the property. Ascon prepared and submitted a remedial plan, which the Department then directed Ascon to implement. Ascon estimates that it will cost between $251,780,580 and $268,075,100 to clean up the property.
 
 
 4
 On June 27, 1985, Ascon filed suits in state and federal courts. In the federal complaint, Ascon named numerous oil companies as alleged generators of hazardous waste deposited on the property, and other companies as alleged transporters of waste to the property. Ascon sought indemnification, compensatory, special and punitive damages, and injunctive and declaratory relief. Ascon's complaint contained claims under two federal statutes--CERCLA and RCRA--as well as state law claims of negligence, nuisance, and ultrahazardous activities.
 
 
 5
 A week after filing its initial complaint, Ascon filed a first amended complaint, which contained only minor changes. Mobil filed a flurry of motions seeking, among other things, dismissal of all of Ascon's claims. A hearing on these motions was held before the district judge on December 1, 1986. In an order filed December 17, 1986, the district court dismissed Ascon's pendent state law claims, dismissed Ascon's CERCLA claim for failure to state a claim for which relief could be granted, and dismissed Ascon's RCRA claim for lack of subject matter jurisdiction. The court granted Ascon leave to amend its complaint. The court's 13-page order offered guidance on how Ascon could properly allege claims under CERCLA and RCRA.
 
 
 6
 Ascon filed its second amended complaint on January 12, 1987. Mobil again moved to dismiss, arguing that none of the deficiencies identified by the court had been corrected. Another hearing was held on February 23, 1987. At the close of the hearing, the district judge dismissed Ascon's CERCLA and RCRA claims with prejudice, and denied Ascon leave to amend the complaint again.
 
 II
 
 7
 Ascon first argues that the district court erroneously dismissed its CERCLA claim for failure to state a claim for which relief could be granted. We review the dismissal independently. Cadillac Fairview/California v. Dow Chemical Co., 840 F.2d 691, 693 (9th Cir.1988) (Cadillac Fairview ). We must accept Ascon's material allegations in the complaint as true and construe them in the light most favorable to Ascon. Wickland Oil Terminals v. Asarco, Inc., 792 F.2d 887, 889-90 (9th Cir.1986) (Wickland ). We may affirm the district court's dismissal "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (Hishon ).
 
 
 8
 Mobil advances three arguments for upholding the district court's dismissal of Ascon's CERCLA claim: (1) the claim fails to allege all the prima facie elements of a CERCLA claim; (2) even if Ascon's complaint alleges every prima facie element, it consists entirely of conclusory allegations and contains insufficient facts to survive a Rule 12(b)(6) motion; and (3) Ascon disregarded the instructions embodied in the district court's order dismissing Ascon's first amended complaint.
 
 A.
 
 9
 Congress passed CERCLA in 1980 to facilitate the cleanup of leaking hazardous waste disposal sites. Exxon Corp. v. Hunt, 475 U.S. 355, 359-60, 106 S.Ct. 1103, 1108-09, 89 L.Ed.2d 364 (1986); see Wickland, 792 F.2d at 890 (describing structure and purposes of CERCLA). To this end, Congress created a private claim for certain "response costs" against various types of persons who contributed to the dumping of hazardous waste at a site. 42 U.S.C. Sec. 9607(a); Cadillac Fairview, 840 F.2d at 693.
 
 
 10
 To state a claim under 42 U.S.C. Sec. 9607(a), a plaintiff must allege that (1) the waste disposal site is a "facility" within the meaning of 42 U.S.C. Sec. 9601(9); (2) a "release" or "threatened release" of any "hazardous substance" from the facility has occurred, id. Sec. 9607(a)(4); and (3) such "release" or "threatened release" has caused the plaintiff to incur response costs that are "consistent with the national contingency plan," id. Secs. 9607(a)(4) & (a)(4)(B). See United States v. Conservation Chemical Co., 619 F.Supp. 162, 184 (W.D.Mo.1985); see also State of New York v. Shore Realty Corp., 759 F.2d 1032, 1043 (2d Cir.1985) (Shore Realty ). In addition, the defendant must fall within one of four classes of persons subject to CERCLA's liability provisions:(1) the owner and operator of a vessel or a facility,
 
 
 11
 (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
 
 
 12
 (3) any person who by contract, agreement, or otherwise arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and
 
 
 13
 (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person....
 
 
 14
 42 U.S.C. Sec. 9607(a)(1)-(4); see Shore Realty, 759 F.2d at 1043. In this suit, Ascon has sued various companies as generators of waste under section 9607(a)(3), and various transporters under section 9607(a)(4).
 
 
 15
 Ascon's second amended complaint alleges each of these material elements. Paragraphs 1 and 27, when read together, allege that the property is a "facility" within the meaning of CERCLA. Paragraphs 14, 15, 17, and 25 allege a "threatened release" or "release" of "hazardous wastes and substances" from the property. Paragraphs 25 and 29 allege that Ascon has incurred "response costs." In paragraph 14, Ascon alleges that the alleged generator companies "disposed of ... hazardous wastes and substances on the [property]," conduct which includes them in the category of defendants authorized by section 9607(a)(3). The alleged transporters are brought within the scope of section 9607(a)(4) by Ascon's allegations in paragraphs 17 and 18, including Ascon's allegation that the transporters "selected" the property for disposal. Thus, Ascon's second amended complaint pleads all of the above core elements of a prima facie claim under section 107(a) of CERCLA.
 
 B.
 
 16
 Mobil argues, however, that Ascon's second amended complaint is deficient because it neither specifically alleges (1) the manner in which a "release" or "threatened release" has occurred, nor (2) details the types of response costs incurred. It is unclear whether Mobil contends that these more specific allegations are elements of a prima facie case under CERCLA, or simply additional factual allegations necessary to complement the broader prima facie elements outlined above. To the extent Mobil argues the latter, we will address that argument in the next section. We now consider whether a CERCLA claim requires, as a prima facie element, a specific allegation of either the manner in which a release or threatened release has occurred, or the type of response cost incurred.
 
 
 17
 We hold that a plaintiff need not allege the particular manner in which a release or threatened release has occurred in order to make out a prima facie claim under section 107(a) of CERCLA. This conclusion is supported by the structure of CERCLA as well as the policies underlying notice pleading. Since "response costs" under CERCLA can include the costs of investigation or testing for the presence of hazardous wastes, Wickland, 792 F.2d at 892, it is conceivable that a claimant could recover for these costs under section 107(a) before the potential means of release have been identified. Moreover, Mobil has pointed to nothing in CERCLA's legislative history to show a contrary intent on the part of Congress. Finally, the purpose of notice pleading is to give general notice to the defendant of the nature of plaintiff's claim. Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 389, 91 L.Ed. 451 (1947) (Federal Rules "restrict the pleadings to the task of general notice-giving"). The allegation that there is a release or threatened release of hazardous substances from a particular "facility" provides such general notice.
 
 
 18
 Whether a prima facie case under section 107(a) of CERCLA requires a more specific allegation of the type of response cost incurred is a closer question. In Levin Metals Corp. v. Parr-Richmond Terminal Co., 817 F.2d 1448 (9th Cir.1987) (Levin Metals ), we identified but did not decide the issue of whether CERCLA's use of the term "response costs" is "only a reference to the measure of damages recoverable," or rather an essential element of a prima facie case, so that "a cause of action under CERCLA does not arise until at least some cleanup costs have been incurred." Id. at 1451 (citations omitted). However, in Cadillac Fairview, 840 F.2d 691, we implicitly answered this question. In Cadillac Fairview, the district court had dismissed Cadillac Fairview's CERCLA claim for failure to state a claim. One of the district court's alternative grounds was that the costs incurred by Cadillac Fairview did not constitute "cleanup costs" within the meaning of the national contingency plan. Id. at 694. We held that "response costs" under CERCLA include testing and security fencing costs, and concluded therefore that the district court had erred in dismissing Cadillac Fairview's claim for failure to state a claim. Id. at 695; 42 U.S.C. Sec. 9601(23). In so holding, we implicitly ruled that a plaintiff must allege at least one type of "response cost" cognizable under CERCLA that has been incurred to state a prima facie case.
 
 
 19
 Requiring a CERCLA claimant to plead a cognizable response will assist in the proper processing of these actions. There has been extensive litigation over which types of response cost are recoverable in a section 107(a) action. See, e.g., Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1575 (5th Cir.1988); Wickland, 792 F.2d at 892; Piccolini v. Simon's Wrecking, 686 F.Supp. 1063, 1068 (M.D.Pa.1988) (Piccolini ); United States v. Northernaire Plating Co., 685 F.Supp. 1410, 1413-20 (W.D.Mich.1988); Brewer v. Ravan, 680 F.Supp. 1176, 1179-80 (M.D.Tenn.1988); T & E Industries, Inc. v. Safety Light Corp., 680 F.Supp. 696, 705-08 (D.N.J.1988). Several courts have held, for example, that CERCLA does not cover loss to property rights or the costs of personal injury. E.g., Piccolini, 686 F.Supp. at 1068; Artesian Water Co. v. Government of New Castle County, 659 F.Supp. 1269, 1285-88 (D.Del.1987), aff'd, 851 F.2d 643 (3d Cir.1988) (Artesian Water ). Without passing on what precisely qualifies as a "response cost" under CERCLA, we observe that if a plaintiff ultimately fails to show a proper response cost, then he will fail to prove his prima facie case. Artesian Water, 659 F.Supp. at 1285 ("The cases firmly establish that the incurrence of response costs is an essential element of a prima facie case under section 107(a).") (citations omitted). It therefore makes sense to impose as a pleading requirement that a claimant must allege at least one type of response cost cognizable under CERCLA in order to make out a prima facie case.
 
 
 20
 CERCLA does not define the term "response cost." Artesian Water, 659 F.Supp. at 1286 n. 28. However, in its definitional section, CERCLA does define "response" as "remove, removal, remedy, and remedial action." 42 U.S.C. Sec. 9601(25). These four terms are defined in the two immediately preceding subsections, Secs. 9601(23) & (24). Section 9601(23) makes clear that "removal" includes "the cleanup ... of released hazardous substances from the environment." Since cleanup costs are recoverable in a section 107(a) action, see, e.g., Wickland, 792 F.2d at 892, and Ascon has alleged in paragraphs 29 and 30 that it has incurred cleanup costs, Ascon has alleged a cognizable response cost under CERCLA. In addition, paragraph 7 alleges that Ascon has developed and submitted a remedial action plan for the property. The costs of developing this plan qualify as "response costs" since they too constitute "removal" within the meaning of CERCLA. 42 U.S.C. Sec. 9601(23) ("removal" includes "such actions as may be necessary to monitor, assess, and evaluate the release or threat of release of hazardous substances"); Cadillac Fairview, 840 F.2d at 695 (costs of testing qualify as "response costs"). Paragraph 29 alleges that Ascon has incurred response costs from its "removal" actions. Thus, Ascon has alleged at least two types of response cost under CERCLA. Therefore, Ascon has pleaded this prima facie element of a CERCLA claim.C.
 
 
 21
 Mobil next argues that even if Ascon's complaint alleges all the prima facie elements of a CERCLA claim, we should nonetheless uphold the dismissal because the complaint merely tracks the language of CERCLA and contains insufficient factual allegations. Put differently, Mobil argues that to withstand a rule 12(b)(6) motion, a complaint must do more than advance "conclusory" allegations and track the language of the underlying statute. The district judge cited Ascon's conclusory allegations as a reason for dismissing the complaint, stating that "if ... there were additional facts that [Ascon] could have alleged ... [it] would have done so...." The Supreme Court has instructed that "where a bona fide complaint is filed that charges every element necessary to recover, summary dismissal of a civil case for failure to set out evidential facts can seldom be justified." United States v. Employing Plasterers Association, 347 U.S. 186, 189, 74 S.Ct. 452, 454, 98 L.Ed. 618 (1954). The issue is whether this case presents one of those cases where dismissal is justified.
 
 
 22
 The leading case on notice pleading under the Federal Rules of Civil Procedure is Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), which unfortunately provided conflicting guideposts. On the one hand, Conley embraced the notion of liberality in pleading rules, declaring that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46, 78 S.Ct. at 101-102. (footnote omitted). On the other hand, elsewhere in the Conley opinion the Court indicated that some facts must indeed be pleaded. According to the Court, our system of notice pleading "do[es] not require a claimant to set out in detail the facts upon which he bases his claim." Id. at 47, 78 S.Ct. at 102 (emphasis added). Instead, "all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id., (emphasis added) (footnote omitted), quoting Fed.R.Civ.P. 8(a)(2). As the Sixth Circuit recently observed, this last quotation from Conley implicitly suggests that the Federal Rules " 'do contemplate a statement of circumstances, occurrences, and events in support of the claim being presented.' " McGregor v. Industrial Excess Landfill, Inc., 856 F.2d 39, 42 (6th Cir.1988) (per curiam) (McGregor ), quoting 5 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1215 (1969). While continuing to adhere to the liberal pronouncements in Conley, see Hishon, 467 U.S. at 73, 104 S.Ct. at 2232, the Supreme Court has elsewhere hinted that sometimes more particularity in pleading may be required. Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 528 n. 17, 103 S.Ct. 897, 903, 74 L.Ed.2d 723 (1983) (dictum) ("[I]n a case of this magnitude, a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."); Butz v. Economou, 438 U.S. 478, 507-08, 98 S.Ct. 2894, 2911-12, 57 L.Ed.2d 895 (1978) (dictum) (suggesting that "insubstantial" cases can be dismissed despite "artful pleading"); cf. Warth v. Seldin, 422 U.S. 490, 503, 509, 95 S.Ct. 2197, 2207, 2210, 45 L.Ed.2d 343 (1975) (in denying standing, rejecting plaintiffs' allegations as "conclusory" and "conjectural"). See generally Marcus, The Revival of Fact Pleading Under the Federal Rules of Civil Procedure, 86 Colum.L.Rev. 433, 433-37, 446-47 (1986) (identifying trend toward requiring greater specificity in pleadings in federal court).
 
 
 23
 In this circuit, we have echoed Conley 's directive that a dismissal must be reversed unless it appears to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved. Cadillac Fairview, 840 F.2d at 693; Wickland, 792 F.2d at 890. We have, however, also recognized that "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir.1988) (citation omitted); see also McCarthy v. Mayo, 827 F.2d 1310, 1316 (9th Cir.1987); North Star International v. Arizona Corporation Commission, 720 F.2d 578, 583 (9th Cir.1983).
 
 
 24
 This possible conflict need not trouble us. Here, Ascon did allege some facts to accompany its recitation of the elements of a CERCLA claim. For example, Ascon specified the location and size of the property, the history of ownership and use of the property, and the kinds of toxic wastes located on the property. Ascon alleged that the property had been declared a hazardous waste site by the State of California, and that Ascon had prepared a remedial action plan for its cleanup. Ascon also alleged that the transporter and generator defendants knew that their waste was hazardous to human health and failed to help clean up the property. Ascon also alleged various facts about the corporate entities being sued and their interrelationships. Ascon alleged that it had "been forced to incur response costs and had in fact spent substantial amounts toward the clean-up, removal, and remedial action at the [property]." Perhaps most important, Ascon alleged with specificity the various dates on which the eleven oil company defendants and four transporter defendants deposited hazardous waste onto the property. These last allegations in particular clearly provided general notice of the nature of the CERCLA claim.
 
 
 25
 The recent Sixth Circuit case of McGregor does not call for a different result. The court there affirmed a dismissal of a CERCLA claim because the plaintiffs failed to allege with sufficient specificity that they had incurred response costs as required by the statute. McGregor, 856 F.2d at 41-42. In a section of their complaint entitled "Expenditures," the plaintiffs had listed specifically only response costs incurred by state and federal agencies. On appeal, the plaintiffs argued that the district judge had overlooked a paragraph of their complaint that alleged the following:
 
 
 26
 The United States, the State of Ohio and plaintiffs have incurred and will continue to incur costs in connection with activities under CERCLA, including costs of investigation, clean up, removal and remedial action at the facility. Response costs were incurred and will be incurred in a manner consistent with the National Contingency Plan....
 
 
 27
 Id. at 42. The court rejected the plaintiffs' argument, holding that dismissal was proper because "the plaintiffs failed completely to allege in their complaints either the costs they incurred or, at minimum, the actions they took in response to the allegedly hazardous conditions at the Industrial Excess Landfill." Id. The court concluded that since the plaintiffs had pleaded "with specificity both the response costs and response actions undertaken by the federal government and the State of Ohio but failed to allege any similar factual basis for their conclusory allegation that they had personally incurred response costs," the district court was not required to presume that sufficient facts existed. Id. at 43. Thus, McGregor appears to turn on the inclusion by the plaintiff of specific, detailed factual allegations elsewhere in the complaint. Here, there is no indication that more specific facts were available based on other allegations in the complaint. In addition, McGregor requires that plaintiffs at least provide allegations of "the actions they took in response to the allegedly hazardous conditions." Id. at 42. Here, Ascon did so, and even estimated the approximate cost of the remedial plan. Thus, McGregor is distinguishable.
 
 D.
 
 28
 Finally, Mobil argues that we should uphold the dismissal because Ascon failed to follow the district judge's recommendations embodied in her order dismissing Ascon's first amended complaint. Had Ascon spurned the advice of the district judge, this argument would carry much weight. See Maddox v. Shroyer, 302 F.2d 903, 904 (D.C.Cir.) (per curiam), cert. denied, 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64 (1962). On review of the record, however, we conclude that Ascon did follow the district judge's advice and thus dismissal on this ground was improper.
 
 
 29
 In dismissing Ascon's first amended complaint, the district judge's order pointed to various deficiencies in the complaint. Roughly four pages of this order explored why Ascon had failed to state a CERCLA claim. The district judge first observed that Ascon "does not allege that the defendants placed hazardous waste materials on the [property]." In Ascon's second amended complaint, this deficiency was remedied. The district judge also pointed out that Ascon had failed to allege a "release" or "threat of release" from the property, but instead appeared to be alleging a release onto the site. After making this criticism, the judge instructed Ascon to "more specifically allege the release or threatened release of the hazardous wastes into the environment." Taken in context, we read this directive to mean that Ascon should allege a release or threatened release from the property. In Ascon's second amended complaint, Ascon paid heed to this advice. The judge also observed that Ascon had not alleged that the transporter defendants had "selected" the property, which arguably was a requirement under CERCLA. The judge urged Ascon to so allege on information and belief. Ascon complied.
 
 
 30
 Mobil argues that Ascon ignored the judge's instruction to "allege what type of [response] costs it has incurred." This phrase is not part of the district judge's direction to Ascon, but is in the context of a single sentence summarizing the grounds advanced by defendant Douglas Oil Company in its motion to dismiss. The court then states, "Douglas's motion to dismiss is granted for the same reasons stated above." There are two possible referents for the phrase, "the same reasons stated above." The phrase may refer to the two reasons cited in the immediately preceding section of the order which grants Mobil's motion to dismiss: Ascon had failed to allege that (1) defendants placed hazardous waste onto the property, and (2) there was a release or threatened release from the property. Alternatively, the phrase may refer to the two reasons advanced by Douglas, but not discussed by the court, which are summarized in the preceding sentence. Mobil implicitly argues for this second interpretation, since it alone supports Mobil's claim that Ascon ignored a stated basis for the court's dismissal--that Ascon had not alleged "what types of response costs it has incurred."
 
 
 31
 The district court's order on this last point is at best ambiguous. Read in context, however, we believe the district court was making the same ruling on Douglas's motion to dismiss that it had on Mobil's. Thus, the language quoted was not a directive from the district court.
 
 
 32
 We conclude, therefore, that the district court erred in dismissing Ascon's claim under CERCLA.
 
 III
 
 33
 We now address Ascon's argument that the district court erred in dismissing its claim under RCRA. It is unclear whether the district judge dismissed the RCRA claim in Ascon's second amended complaint for failure to state a claim upon which relief could be granted, or for lack of subject matter jurisdiction. We review independently in either case. Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1557 (9th Cir.1987) (lack of subject matter jurisdiction); Wickland, 792 F.2d at 889 (failure to state a claim). We may affirm the district court on any ground finding support in the record. Smith v. Block, 784 F.2d 993, 996 n. 4 (9th Cir.1986).
 
 
 34
 Ascon advances several arguments for reversing the dismissal of its RCRA claim. First, Ascon argues that it properly pleaded a claim under both 42 U.S.C. Secs. 6972(a)(1)(A) (subsection A) and 6972(a)(1)(B) (subsection B). Ascon further argues that it complied with the applicable notice requirements under both provisions.
 
 A.
 
 35
 The citizen suit provisions of RCRA can be found at 42 U.S.C. Sec. 6972. They were amended and expanded by the Hazardous and Solid Waste Amendments of 1984, Pub.L. No. 98-616, 98 Stat. 3221 (1984 Amendments); see also H.R.Conf.Rep. No. 1133, 98th Cong., 2d Sess. 117-18, reprinted in 1984 U.S.Code Cong. & Admin.News 5649, 5688-89 (House Conference Report). Section 6972(a) now provides in part:
 
 
 36
 Except as provided in subsection (b) or (c) of this section, any person may commence a civil action on his own behalf--
 
 
 37
 (1)(A) against any person ... who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter; or
 
 
 38
 (B) against any person ... including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment....
 
 
 39
 Subsection (b) prescribes various limitations and prerequisites for the bringing of citizen suits, including different notice requirements as prerequisites for suits under sections 6972(a)(1)(A) and (B). The 1984 Amendments added subsection B in an effort to invigorate citizen litigation. See H.R.Rep. No. 198, 98th Cong., 2d Sess. 53-54, reprinted in 1984 U.S.Code Cong. & Admin.News 5576, 5612-13; House Conference Report at 5688-89; see also Middlesex County Board of Chosen Freeholders v. New Jersey, 645 F.Supp. 715, 719-22 (D.N.J.1986).
 
 
 40
 A review of the evolution of Ascon's RCRA claim in its pleadings will be helpful in understanding the issues presented. Because Ascon's complaint and first amended complaint are almost identical, we need consider only the latter. In its first amended complaint, Ascon proceeded under subsection A, alleging that defendants had violated a "standard, regulation, condition," etc. Ascon also alleged a violation of 42 U.S.C. Sec. 6973(a), but because Ascon has conceded that it has no private right of action under this provision, we need not consider this claim further. In its first amended complaint, Ascon alleged that it had given the 60-day notice of this lawsuit to the EPA as required by section 6972(c). But section 6972(c) deals with the notice required when a private citizen sues the EPA Administrator pursuant to 42 U.S.C. Sec. 6972(a)(2). Ascon was suing corporations under a different provision--section 6972(a)(1)(A). The district court correctly pointed out that the notice requirements for a subsection A claim were to be found in section 6972(b)(1). Section 6972(b)(1) requires, with several enumerated exceptions, a 60-day notice not just to the Administrator, but to the state in which the alleged violation occurs and to any alleged violator. 42 U.S.C. Sec. 6972(b)(1)(A). Moreover, in dismissing Ascon's first amended complaint, the district court criticized Ascon's allegations of notice as being too "conclusory."
 
 
 41
 In its second amended complaint, Ascon again proceeded under subsection A. It responded to the district judge's instructions by amending its complaint in several ways. First, Ascon corrected its allegation of 60-day notice by citing section 6972(b)(1) instead of section 6972(c). In addition, Ascon sought to plead with greater specificity its allegation of 60-day notice. In the first amended complaint, Ascon had merely alleged that "[n]otice was properly given to the EPA pursuant to 42 U.S.C. Sec. 6972(c)." In its second amended complaint, Ascon stated: "Written notice (formal notice letters) were properly given to the EPA, its Administrator, the State of California and the defendants pursuant to 42 U.S.C. Sec. 6972(b)(1) more than 60 days before the commencement of this action."
 
 
 42
 Mobil again moved to dismiss. Mobil argued that Ascon could not allege a claim under subsection A because that subsection provides a remedy for the violation of a permit, regulation, standard, etc. issued pursuant to RCRA, and all the dumpings alleged in the complaint occurred up to and including 1972, four years before RCRA was passed. Thus, Mobil argued, it was a "legal impossibility" for subsection A to have been violated in this case. The district judge agreed. She dismissed Ascon's RCRA claim because "the activity did occur prior to the enactment of the statute."
 
 
 43
 The district court was correct in holding that Ascon failed to state a claim under 42 U.S.C. Sec. 6972(a)(1)(A) because the alleged activity occurred before the enactment of the statute. While it is possible that many environmental statutes, including CERCLA, impose retroactive liability, see Levin Metals, 817 F.2d at 1450-51, this particular subsection of RCRA does not. In Gwaltney of Smithfield v. Chesapeake Bay Foundation, Inc., 484 U.S. 49, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987) (Gwaltney ), the Supreme Court recently faced a similar issue. The Court held that a district court does not have subject matter jurisdiction over a citizen suit for past violations of the Clean Water Act. 108 S.Ct. at 384-85. The citizen suit provision of that Act, 33 U.S.C. Sec. 1365(a), contains wording similar to that of 42 U.S.C. Sec. 6972(a)(1)(A). Section 1365(a) provides for suits only against a person "who is alleged to be in violation of (A) an effluent standard or limitation under this chapter...." 33 U.S.C. Sec. 1365(a) (emphasis added). In reaching its decision, the Supreme Court observed that Congress has used identical language in the citizen suit provisions of several other environmental statutes, including RCRA, 42 U.S.C. Sec. 6972. 108 S.Ct. at 381. The Supreme Court stated that this language in RCRA "authorize[s] only prospective relief." Id. (dictum). In a footnote, the Court observed that Congress knows how to avoid a mere prospective application of a statute, citing as an example RCRA subsection B. Id. at 381 n. 2.
 
 
 44
 Ascon's second amended complaint alleged that Mobil's disposal ceased in 1972. RCRA was not enacted until 1976. Therefore, Mobil simply could not have been "in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter," 42 U.S.C. Sec. 6972(a)(1)(A): there was no statute pursuant to which such a permit could have been effective at the time of Mobil's alleged acts. Accordingly, the district court had no subject matter jurisdiction over Ascon's subsection A claim. Gwaltney, 108 S.Ct. at 380-81. The district court was therefore correct in dismissing Ascon's subsection A RCRA claim.
 
 B.
 
 45
 Ascon argues that its complaint also states a claim under subsection B. Ascon points to its allegation in paragraph 39 that Mobil's acts threaten "imminent and substantial endangerment to health and the environment," a phrase similar to that which occurs in subsection B, but the statute's wording is "health or the environment." Moreover, paragraph 39's sole purpose is to request attorneys' fees and other costs under section 6972(e). The only other provision of RCRA mentioned in paragraph 39 is section 6973, which authorizes the EPA Administrator to sue for injunctive relief and whose operative provision, section 6973(a), also contains the phrase "imminent and substantial endangerment to health or the environment." 42 U.S.C. Sec. 6973(a). As observed earlier, Ascon has now conceded that it cannot maintain an action under section 6973(a). The inclusion of this phrase in Ascon's earlier complaint, we believe, reflects Ascon's mistaken belief that it could proceed under section 6973, rather than any intention to bring a subsection B claim.
 
 
 46
 Even if this stray language could be considered a claim under subsection B, Ascon nowhere alleges that it has given 90-day notice for a subsection B claim, as required by section 6972(b)(2)(A). Instead, Ascon first erroneously alleged notice under section 6972(c), and then, alerted to its mistake by the district court, alleged notice under the provision requiring 60-day notice for a subsection A claim. In addition, Ascon nowhere alleges that it has served a copy of its complaint upon the United States Attorney General, as required by 42 U.S.C. Sec. 6972(b)(2)(F). Ascon's allegation of notice is insufficient.
 
 
 47
 On appeal, however, Ascon has argued that its subsection B claim is not subject to the 90-day notice requirement because it falls within a stated exception for any "action under this section respecting a violation of subchapter III of this chapter." 42 U.S.C. Sec. 6972(b)(1). But Ascon does not allege any violation of subchapter III, even in the most general terms, in its second amended complaint. Even if Ascon had alleged a violation of a specific provision of subchapter III, however, this allegation would contain the same flaws as Ascon's subsection A claim. None of the standards or rules issued under subchapter III existed until after RCRA was enacted in 1976; the dumping alleged by Ascon ceased in 1972. None of the defendants in this case could possibly have violated subchapter III by any of their activities alleged in Ascon's complaint. Thus, Ascon is not exempt from the 90-day notice requirement of a subsection B claim.
 
 
 48
 In Hallstrom v. Tillamook County, 844 F.2d 598 (9th Cir.1987), petition for cert. filed, we held that the 60-day notice requirement for a RCRA subsection A claim is jurisdictional and mandatory. Id. at 599. We see no reason why that reasoning would not apply equally to the 90-day notice requirement for a claim under subsection B. Ascon has not pleaded that it has provided 90-day notice; it has not pleaded that it has notified the Attorney General. We therefore lack subject matter jurisdiction over Ascon's RCRA subsection B claim.
 
 IV
 
 49
 Ascon also challenges the district judge's denial of leave to file another amended complaint. We review a denial of leave to amend for abuse of discretion. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987) (Leighton ).
 
 
 50
 Under Federal Rule of Civil Procedure 15(a), a party may amend its complaint "once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a). Thereafter, a party may amend only by leave of the court or by written consent of the adverse party. Id. Rule 15(a), however, instructs that "leave shall be freely given when justice so requires." Id. We have stressed Rule 15's policy of favoring amendments, and we have applied this policy with liberality. Leighton, 833 F.2d at 186; United States v. Webb, 655 F.2d 977, 979 (9th Cir.1981).
 
 
 51
 In Leighton, however, we held that the liberality in granting leave to amend is subject to several limitations. 833 F.2d at 186. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Id.; see Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint. Leighton, 833 F.2d at 186 n. 3.; Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir.1980) (Mir ). Leighton points out that denials of motions for leave to amend have been reversed in the absence of a contemporaneous finding by the court that one of these factors is present. 833 F.2d at 186-87. Although the district court in the present case made no such explicit finding in dismissing Ascon's RCRA claim, we believe that from the entire record the reasons are "readily apparent." Id. at 187, citing Hurn v. Retirement Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir.1981). Where the district court offers no express reasons for dismissing a complaint without leave to amend in its order, we must first determine the propriety of appellant's motion to amend by looking at the five Leighton factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended its complaint. Leighton, 833 F.2d at 186-87 & n. 3.
 
 
 52
 In the present case, all but the futility factor are apparent from the record. First, Ascon has already been granted leave to amend its RCRA claim. The district court, in dismissing Ascon's first amended complaint without prejudice, issued an order explaining in detail the bases for its dismissal. Ascon was alerted that it had mistakenly alleged that notice had been given pursuant to an unrelated provision of RCRA, and directed Ascon to the proper statutory section detailing notice requirements for bringing an action under subsection A. A cursory glance at that provision indicates that there is a different notice requirement (90 days as opposed to 60 days) for actions brought under subsection B, as Ascon now maintains the present action is. Had Ascon meant to allege a subsection B claim, the district court's orders should have alerted it to the need to read the statute carefully.
 
 
 53
 Second, Ascon's actions have already caused undue delay in this case. Ascon initiated this action by filing a complaint on June 27, 1985, and a first amended complaint on July 3, 1985. Ascon did not serve the complaint, however, until June 1986, having delayed until the district court issued an order to show cause why the action should not be dismissed for lack of prosecution. Ascon's first amended complaint was deficient in numerous respects. Mobil moved to dismiss that complaint. The motion was granted on December 17, 1986, approximately two years ago. Ascon then filed a second amended complaint, which contained a RCRA claim that was still deficient. Mobil again moved to dismiss, and again the motion was granted. Now Ascon argues that it really means to advance a subsection B claim under RCRA. "At some point," however, "a party may not respond to an adverse ruling by claiming that another theory not previously advanced provides a possible [ground] for relief and should be considered." Mir, 646 F.2d at 347 (citations omitted). We think it clear that this lawsuit has been delayed unduly by Ascon's apparent failure to read carefully the environmental statutes under which it is proceeding.
 
 
 54
 Mobil would suffer prejudice if Ascon were allowed to amend its complaint at this late date. Mobil has already incurred substantial litigation costs, which a more careful reading of RCRA by Ascon would have avoided. To put Mobil "through the time and expense of continued litigation on a new theory, with the possibility of additional discovery," would cause undue prejudice. Troxel Manufacturing Co. v. Schwinn Bicycle Co., 489 F.2d 968, 971 (6th Cir.1973), cert. denied, 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974); see United States v. Truckee-Carson Irrigation District, 107 F.R.D. 377, 380-82 (D.Nev.1985); see also MV American Queen v. San Diego Marine Construction Corp., 708 F.2d 1483, 1492 (9th Cir.1983) (denial of motion to amend upheld where new allegations based on facts moving party already knew would totally alter basis of action and necessitate additional discovery); Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir.1982) (same).
 
 
 55
 Finally, Ascon's contention on appeal that it was proceeding all the time under subsection B sounds hollow and comes close to bad faith. We think it clear from the entire record that all along Ascon has exclusively pursued a subsection A claim. This is demonstrated by a close reading of Ascon's complaints. All of Ascon's complaints quote the language of RCRA before the 1984 Amendments, which added subsection B. Ascon's quotation of subsection A omits the word "prohibition," which Congress in 1984 added after the word "requirement." In addition, Ascon's complaint quotes the pre-1984 version of 42 U.S.C. Sec. 6973(a), which is shown by the omission of the words "past or present" before the word "evidence." Before the 1984 Amendments, of course, a subsection B claim did not exist. Thus, Ascon's complaints have always quoted and relied upon an older version of the statute which did not even contain subsection B. To suggest on appeal that Ascon also meant to advance a subsection B claim borders on bad faith, or has arrived there.
 
 
 56
 Because of the presence of these Leighton factors, and in light of this circuit's determination that the district court's discretion is especially broad "where the court has already given a plaintiff one or more opportunities to amend [its] complaint," 833 F.2d at 186 n. 3, we hold that the district court's denial of Ascon's request for leave to amend its RCRA claim did not constitute an abuse of discretion. We therefore affirm the denial of leave to amend.
 
 V
 
 57
 We affirm the district court's dismissal of Ascon's RCRA claim and its denial of leave to amend the RCRA claim. We reverse the dismissal of Ascon's CERCLA claim, and remand the case to the district court.
 
 
 58
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.