89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert H. GLAVOR, Plaintiff-Appellant,
v.
SHEARSON LEHMAN HUTTON, INC., Lehman Brothers, a division of
Shearson Lehman Brothers, Inc., Equicor, Equicor-Equitable
Service Corporation as Administrator, the Equitable Life
Assurance Society of the United States, Equicor, Inc., Cigna
Companies, Defendants-Appellees.
 No. 95-15223.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1996.
Decided May 2, 1996.
 
 1
 Before: BROWNING and NOONAN, Circuit Judges; MERHIGE, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Robert H. Glavor appeals the grant of summary judgment and the denial of leave to file his second amended complaint. We affirm.
 
 FACTS
 
 4
 From 1977 to March 31, 1988, Glavor worked as an executive
 
 
 5
 for Shearson Lehman Brothers, Inc. ["Shearson"]. He worked
 
 
 6
 as an account executive until he left work due to a
 
 
 7
 disability after his last day on March 31, 1988.
 
 
 8
 On April 29, 1988, Glavor filed a claim for long-term
 
 
 9
 disability benefits with Shearson. At this time Shearson
 
 
 10
 entered into a merger with E.F. Hutton, thus becoming
 
 
 11
 Shearson Lehman Hutton. The merger coincided with a change
 
 
 12
 in long-term disability policies at Shearson. From March 1,
 
 
 13
 1978 to March 31, 1988, Shearson had for its employees a
 
 
 14
 disability benefit plan issued by INA Life Insurance Company
 
 
 15
 of New York ["the INA plan"]. Under this plan, an employee
 
 
 16
 could conceivably claim long-term disability benefits for a
 
 
 17
 total disability until age 65. On May 19, 1989, Shearson
 
 
 18
 adopted a new disability plan issued by the Equitable Life
 
 
 19
 Assurance Society of the United States and to be
 
 
 20
 administered by Equicor, Inc. ["the Equitable plan"]. The
 
 
 21
 plan purported to be effective retroactively to April 1,
 
 
 22
 1988. Under the Equitable plan, payment of benefits for any
 
 
 23
 mental, nervous, or emotional condition was limited to a
 
 
 24
 total of four years.
 
 
 25
 On December 20, 1988, Shearson informed Glavor that his
 
 
 26
 claim had been approved by Equicor and his long-term
 
 
 27
 disability check was scheduled to be sent two days later.
 
 
 28
 Equicor sent Glavor notice of his benefits in a form dated
 
 
 29
 December 12, 1988; the form indicated that the benefits
 
 
 30
 were retroactive to October 1, 1988, the six-month mark of
 
 
 31
 Glavor's being continuously disabled. The form also stated
 
 
 32
 that the limit for his benefits was on February 8, 1996, the
 
 
 33
 date of his 65th birthday. The benefits continued for a
 
 
 34
 four-year period, ending on October 1, 1992.
 
 
 35
 After he stopped receiving benefits, Glavor appealed the
 
 
 36
 termination in a letter dated October 12, 1992. His lawyer
 
 
 37
 requested a copy of the disability policy from Shearson in a
 
 
 38
 letter dated February 1, 1993 and from CIGNA Companies,
 
 
 39
 which had been administering Glavor's benefits for Shearson
 
 
 40
 and Equicor, in a letter dated December 23, 1992. Glavor
 
 
 41
 asserts that he received no response to his requests.
 
 PROCEEDINGS
 
 42
 On March 26, 1993, Glavor filed in California state court a complaint against Equicor, Inc., Shearson, and other named defendants, alleging several state law claims. The defendants removed the case to federal district court. Glavor moved to remand the action to state court, while the defendants moved to dismiss his complaint for failure to state a federal claim. On July 22, 1993, District Judge D. Lowell Jensen denied Glavor's motion and granted the defendants' motion to dismiss, while at the same time granting Glavor leave to amend his complaint. On August 10, 1993, Glavor filed his first amended complaint.
 
 
 43
 On November 24, 1993, Glavor moved for summary judgment, as did Shearson and Equicor. Upon Glavor's request, the Court deferred ruling on the motions, dismissed his first amended complaint, and ordered him to move for leave to file a second amended complaint. On January 26, 1994, Glavor filed such a motion. On April 8, 1994, the district court denied with prejudice Glavor's motion for leave to file a second amended complaint as to his claims under 29 U.S.C. § 1132(a)(1)(B) and under theories of estoppel for the denial of benefits, but granted leave to file a third amended complaint alleging claims under 29 U.S.C. § 1132(c) for the failure to furnish information to a plan beneficiary upon request.
 
 
 44
 On April 22, 1994, Glavor filed a third amended complaint alleging six claims for alleged violations of 29 U.S.C. § 1132(c). On August 12, 1994, the district court dismissed Glavor's claims against the Equicor defendants. The court dismissed the Third and Fifth claims for alleged violations of 29 U.S.C. § 1132(c) by Shearson and the Equicor defendants. On September 12, 1994, Glavor filed a motion to reconsider the August 12, 1994 order. The district court denied Glavor's request for reconsideration and granted Shearson's motion for summary judgment on the four remaining claims. The district court entered final judgment on December 6, 1994, and Glavor timely filed a notice of appeal on January 4, 1995.
 
 ANALYSIS
 
 45
 We find no abuse of discretion in the district court's denial of leave to file a second amended complaint. Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.1989). Glavor's claim under 29 U.S.C. § 1132(a) is futile, given that the Equitable plan, which had a four-year cap on mental coverage, applied retroactively to cover his disability. In his proposed second amended complaint, Glavor alleged that Shearson and Equicor refused to pay him disability benefits until his 65th birthday in violation of the terms of the employee disability benefits plan allegedly in effect at Shearson from April 1, 1988 to May 18, 1989. Glavor asserts the "coverage in force" at the time is evidenced by the following documents: (1) Shearson's INA plan effective March 1, 1978 through March 31, 1988; (2) a 1988 Shearson "Enhancements" booklet, which states: "On April 1, 1988 you will be enrolled automatically on the new plans offering the same coverage you had as of March 31, 1988"; and (3) a December 30, 1988 worksheet sent by Equicor to Glavor indicating that his disability benefits would expire on February 8, 1996. These documents, however, do not establish a de facto plan under ERISA. Carver v. Westinghouse Hanford Co., 951 F.2d 1083, 1087 (9th Cir.1991), cert. denied, 505 U.S. 1222 (1992).
 
 
 46
 Also futile is Glavor's claim of estoppel. Shearson and Equicor made no promise upon which Glavor could have reasonably relied to expect coverage until his 65th birthday. See Greany v. Western Farm Bureau Life Ins. Co., 973 F.2d 812, 821-22 (9th Cir.1992).
 
 
 47
 Glavor's argument on appeal that his claims were not futile because his physician has diagnosed his condition as "dysthymic disorder," which may be caused by a physical, not mental, condition, was not made to the district court and thus has been waived. See Trans Container Services v. Security Forwarders, Inc., 752 F.2d 483, 487 (9th Cir.1985).
 
 
 48
 The district court did not err in granting summary judgment in favor of Shearson on Glavor's claims brought under 29 U.S.C. § 1132(c) alleging that Shearson failed to provide him with plan information upon request. Although the district court incorrectly ruled that a 1-year statute of limitations applied to Glavor's claims, the error was harmless because the 3-year statute of limitations that governs § 1132(c) claims bars Glavor's claims. See Stone v. Travelers Corp., 58 F.3d 434, 439 (9th Cir.1995). Glavor's cause of action accrued, at the latest, 30 days after Shearson failed to respond to his request for information. See 29 U.S.C. § 1132(c). The statute of limitations ran at the latest on his First Claim on November 15, 1991, and on his Second Claim on January 12, 1992. In addition, the district court also ruled that it would not exercise its discretion to find liability against Shearson under § 1132(c) because Shearson was not shown to have acted in bad faith and because Glavor was not prejudiced by the failure to receive such information. These grounds support the grant of summary judgment against Glavor's § 1132(c) claims.
 
 
 49
 Finally, we find no party to be entitled to attorney's fees.
 
 
 50
 Accordingly, we AFFIRM.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge, District of Eastern Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3