122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward A. FINNEY, Plaintiff-Appellant,
v.
Greg HILDEBRANDT; David Sperbeck; Phillip Briggs,
Defendants-Appellees.
 No. 96-35595.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Aug. 29, 1997.
 
 Appeal from the United States District Court for the District of Alaska, No. CV-94-00549-JKS; James K. Singleton, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward A. Finney, an Alaska state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious mental-health needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Because the evidence Finney submitted established, at most, that defendants were negligent or that Finney and the defendants disagreed about whether he suffered from depression and the treatment he should receive, the district court did not err by granting summary judgment for defendants on Finney's deliberate indifference claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.) (difference of opinion), cert. denied, 117 S.Ct. 584 (1996); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990) (gross negligence).[1]
 
 
 4
 Because Finney did not establish (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in his favor, the district court did not err in denying his request for preliminary injunctive relief. See Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir.1985).
 
 
 5
 Because Finney sought leave to amend his complaint outside the time the parties agreed he would seek such leave, the district court did not err by denying Finney's request to supplement his complaint. See Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.1989).
 
 
 6
 Because Finney failed to file a timely objection to the magistrate judge's denial of his request for an examination by an independent psychiatrist, we lack jurisdiction to consider his contention that the district court erred in denying this request. See Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir.1996).
 
 AFFIRMED.[2]
 
 
 **
 Because the panel unanimously finds this case suitable for decision without oral argument, Finney's request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Insofar as Finney argues on appeal that the conditions of confinement in his solitary confinement cell violated the Eighth Amendment, we reject his contention because his placement in solitary was based on defendants' fear that he would commit suicide. See Anderson v. County of Kern, 45 F.3d 1310, 1313-15 (9th Cir.), amended by 75 F.3d 448 (9th Cir.), cert. denied, 116 S.Ct. 306 (1995)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal