

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEORGE ROBERT PETTIT,

        Plaintiff - Appellee,

  v.

ARIZONA BOARD OF REGENTS;
ARIZONA SCIENCE AND
TECHNOLOGY ENTERPRISES, LLC;
JOHN DOE CHANG; J. RUSSELL
NELSON,

        Defendants,

  and

ELIZABETH D. CAPALDI, Executive
Vice President and Provost,

        Defendant - Appellant.

No. 11-17401

D.C. No. 2:05-cv-02922-ROS

MEMORANDUM[*]

GEORGE ROBERT PETTIT,

        Plaintiff - Appellant,

  v.

No. 11-17541

D.C. No. 2:05-cv-02922-ROS

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ARIZONA BOARD OF REGENTS;
ARIZONA SCIENCE AND
TECHNOLOGY ENTERPRISES, LLC;
JOHN DOE CHANG; J. RUSSELL
NELSON; ELIZABETH D. CAPALDI,
Executive Vice President and Provost,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Argued and Submitted May 17, 2013
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and ZILLY, Senior District Judge.[**]

Dr. George Pettit and Defendants appeal from the district court's partial judgment in Pettit's favor following a bench trial on his 42 U.S.C. § 1983 claim.

1.      The district court did not abuse its discretion in denying Pettit's request for leave to amend his complaint.  Under Federal Rule of Civil Procedure 15(a), district courts have "particularly broad" discretion to deny leave to amend when the plaintiff "has previously amended the complaint." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  Here, Pettit's request for leave to amend came two years into the litigation, after Pettit had already amended

[**]      The Honorable Thomas S. Zilly, Senior United States District Judge for the Western District of Washington, sitting by designation.

his complaint twice. The First Amendment retaliation claim he sought to add was based on the same facts he had known throughout the litigation, yet he offered no justification for the delay. Amendments attempting to add new claims when the theories and facts supporting them have long been known to the party seeking amendment are viewed with disfavor. *See Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999).

2.     The district court correctly concluded that Pettit had not adequately pleaded a First Amendment retaliation claim or a constitutional liberty-interest claim. Those claims appear nowhere in the operative First Amended Complaint. The complaint does contain stray allegations that might have supported those unpleaded claims, but most of those allegations are contained in unrelated counts the district court dismissed. The fleeting reference to Pettit's free speech rights in paragraph 222 of count IV—the only count that survived dismissal—is insufficient to state a plausible First Amendment retaliation claim. And the mention of substantive due process in count IV does not refer to a protected liberty interest, but rather to the deprivation of Pettit's asserted property interests in the CRI Directorship and Dalton Chair.

3.     The district court did not clearly err in finding that Pettit and Defendants lacked a mutual understanding regarding Pettit's tenure in the CRI

3

Directorship.  The letter naming Pettit as CRI Director does not guarantee Pettit's continued employment in that position, nor does it reference any agreement, written or otherwise, regarding job security.  None of the documentary evidence suggests that Pettit was ever guaranteed job security by Defendants, and the testimony at trial is largely silent on whether the parties even discussed Pettit's employment status as CRI Director.  Pettit points to his own favorable testimony on the issue, but such evidence merely shows at best that Pettit genuinely believed he had tenure in the position.  That unilateral understanding, without evidence that Defendants shared the same understanding, is insufficient to establish a property interest protected by the Due Process Clause.  *See Gerhart v. Lake County, Mont.*, 637 F.3d 1013, 1020 (9th Cir. 2011).

4.  We reverse the district court's conclusion that Pettit had a protected property interest in the Dalton Chair.  The court did not clearly err when it found, as a factual matter, that Pettit and Defendants shared a mutual understanding that Pettit would hold the Dalton Chair while he was employed at ASU.  But, as a legal matter, that mutual understanding could not override the clear language of the trust agreement establishing the Dalton Chair, which expressly stated that, so long as the CRI was in existence, the CRI Director "shall be the recipient of the chair."  The CRI was in existence for the entire time that Pettit held the Dalton Chair, and the

4

CRI remained in existence at the time Pettit was removed as its Director. As a result, Pettit's claim of tenure in the Dalton Chair fails as a matter of law because such an arrangement would have violated the express terms of the trust agreement.

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART**.