856 F.2d 39
 28 ERC 1765, 12 Fed.R.Serv.3d 159, 19
Envtl. L. Rep. 20,189
 Harlan McGREGOR; Lizzette McGregor; Michael V. MacInnes;
Norma MacInnes; (87-3495) Alvin J. Griffith, Mildred L.
Griffith; Nada Prince; Howard Hoover; Judy Hoover; David
H. Warner; Steven S. Gaug; Luciele Gaug; Lawrence Prince;
Frank C. Dalessio; Jeanette B. Dalessio; Cyril J. Kapper;
Wilda P. Kapper, (87-3496), Plaintiffs-Appellants,
v.
INDUSTRIAL EXCESS LANDFILL, INC.; Hybud Equipment Corp.;
Hyman Budoff; Charles Kittinger; Charles Kittinger D/B/A
Kittinger Trucking and Supply; B.F. Goodrich Co.; Goodyear
Tire & Rubber Co.; Goodyear Aerospace Corp.; Morgan
Trucking; Timkin Mercy Medical Center; Firestone Tire &
Rubber Co.; Defendants-Appellants.
 Nos. 87-3495, 87-3496.
 United States Court of Appeals,
Sixth Circuit.
 Argued July 25, 1988.
Decided Sept. 2, 1988.
 
 Richard D. Panza, Thomas A. Downie, argued, Wickens, Herzer & Panza Co., Robert D. Gary, Jori B. Naegele, Lorain, Ohio, for plaintiffs-appellants.
 John R. Werren, Stephen A. Reilly, Day, Ketterer, Raley, Wright, Rybolt, Canton, Ohio, Matthew Yackshaw, Ronald Rispo, Mary E. Golrick, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for defendants-appellants.
 Geoffrey K. Barnes, Squire, Sanders & Dempsey, Cleveland, Ohio, Kathiann M. Kowalski, argued, for Goodyear Aerospace, Goodyear Tire & Rubber, Firestone Tire & Rubber.
 Before MERRITT and KRUPANSKY, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from the judgment of the United States District Court for the Northern District of Ohio granting defendants' motions to dismiss plaintiffs' complaints for failure to state a claim upon which relief could be granted. We AFFIRM.I.
 
 
 2
 Two actions were consolidated for purposes of this appeal. The first is Case No. C85-3285A--a class action brought by Harlan McGregor and other named plaintiffs on behalf of themselves and the class of persons defined in the class action complaint. The second is Case No. C85-3286A--a non-class action brought by certain individuals. The substantive allegations of the two actions are virtually identical.
 
 
 3
 On October 31, 1985, plaintiffs filed the two above-described actions, asserting that they have suffered property damage and personal injuries as a result of contamination of the air, ground, and water supply by environmental emissions from the Industrial Excess Landfill. The defendants in these actions are the operators of the landfill and the industrial corporations who have used the landfill.
 
 
 4
 In each of the complaints, plaintiffs presented seventeen claims for relief. The first three claims for relief were federal claims under Sections 7002 and 7003 of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. Secs. 6972,[1] 6973,[2] and under Sections 106 and 107(a) of the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. Secs. 9606,[3] 9607(a).[4] The remaining fourteen claims for relief are state law causes of action based upon negligence, strict liability, nuisance, trespass, battery, assault, intentional or negligent infliction of mental and emotional distress, fraud, and product liability.
 
 
 5
 Defendants Goodyear Aerospace Corporation, Goodyear Tire & Rubber Company, B.F. Goodrich Company, and Firestone Tire and Rubber Company filed a motion to dismiss all claims asserted in the complaints, or, in the alternative, to strike the jury demands on January 7, 1986. The remaining defendants followed suit on April 3, 1986. Plaintiffs timely filed a memorandum in opposition.
 
 
 6
 On April 29, 1987, the district court entered an order dismissing the complaints with prejudice. The court determined that plaintiffs' claim under Section 107(a) of CERCLA failed to allege with sufficient specificity that plaintiffs incurred "response costs" as required by that statute. With regard to plaintiffs' claim under Section 7002 of RCRA, the court concluded that plaintiffs' allegations that United States Environmental Protection Agency ("USEPA") and the Ohio Environmental Protection Agency ("OEPA") are undertaking "the necessary and appropriate investigations" established a complete defense to their action for an injunction under this statute. Having dismissed plaintiffs' federal causes of action, the district court determined that it lacked jurisdiction to hear plaintiffs' pendent state claims. It is from this judgment that plaintiffs now appeal.II.
 
 
 7
 Plaintiffs first argue that the district court erred in dismissing their claim for relief under Section 107 of CERCLA for failure to state a cause of action. The district court determined that, since plaintiffs failed to specifically allege in their complaints that each of them had incurred "response costs" under Section 107, the plaintiffs had not pled a claim upon which relief could be granted.
 
 
 8
 Under Section 107(a)(4)(B), defendants could be held liable to the individual plaintiffs who brought this suit only for any "necessary costs of response ... consistent with the national contingency plan." 42 U.S.C. Sec. 9607(a)(4)(B). Under the definitional section of CERCLA, "response" is defined as meaning, "remove, removal, remedy, and remedial actions, all such terms (including the terms 'removal' and 'remedial action') include enforcement activities related thereto." 42 U.S.C. Sec. 9601(25). The National Contingency Plan is a detailed set of regulations appearing at 40 C.F.R. Secs. 300.1-300.81, which describe methods of responding to hazardous waste problems and set forth guidelines for the appropriate roles of state and federal agencies and private parties.
 
 
 9
 In the instant case, the district court noted that, under the "Expenditures" section of both complaints, the only expenditures listed by plaintiffs as having been incurred are those made by the OEPA and the USEPA. Consequently, the court concluded that since "plaintiffs have not alleged that they have expended any monies which would be considered necessary costs of response to the conditions at the landfill ... the plaintiffs have failed to state a claim in their third claim for relief that would entitle them to maintain an action under Section 107 of CERCLA, 42 U.S.C. Sec. 9607(a)(4)(B)."
 
 
 10
 On appeal, plaintiffs assert that the district court erred in this ruling, directing our attention to paragraph 63 of their complaints (in the section alleging their Section 107 cause of action) where they state:
 
 
 11
 The United States, the State of Ohio and plaintiffs have incurred and will continue to incur costs in connection with activities under CERCLA, including costs of investigation, clean up, removal and remedial action at the facility. Response costs were incurred and will be incurred in a manner consistent with the National Contingency Plan, and as defined in Sections 101(23), 101(24), and 101(25) of CERCLA, 42 U.S.C. Secs. 9601(23), 9601(24) and 9601(25). The expenditures made and to be made have been consistent with CERCLA, and have satisfied any required condition precedent to recovery of all expenditures.
 
 
 12
 Plaintiffs contend that the district court disregarded this allegation of incurred response costs when dismissing their Section 107 cause of action. We disagree.
 
 
 13
 In addition to a jurisdictional statement and a prayer for relief, Federal Rule of Civil Procedure 8(a) requires that the plaintiff include "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the complaint is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As Professors Wright and Miller point out, implicit in the above-quoted passage from the Conley opinion "is the notion that the rules do contemplate a statement of circumstances, occurrences, and events in support of the claim being presented." 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE Sec. 1215 (1969).
 
 
 14
 In the instant case, plaintiffs failed completely to allege in their complaints either the costs they incurred or, at minimum, the actions they took in response to the allegedly hazardous conditions at the Industrial Excess Landfill. Indeed, as the district court observed, in the "Expenditures" Section of the complaints, the only response costs alleged by plaintiffs were incurred by the State of Ohio and the United States.
 
 
 15
 In O'Brien v. DiGrazia, 544 F.2d 543, 546 n. 3 (1st Cir.1976), the United States Court of Appeals for the First Circuit stated:The Supreme Court has said that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). But when a plaintiff ... supplies facts to support his claim, we do not think that Conley imposes a duty on the courts to conjure up unpleaded facts that might turn a frivolous claim into a substantial one. See Hoitt v. Vitek, 497 F.2d 598, 600 n. 1 (1st Cir.1974); Aubut v. Maine, 431 F.2d 688 (1st Cir.1970). We are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.
 
 
 16
 In the instant case, plaintiffs' pled with specificity both the response costs and response actions undertaken by the federal government and the State of Ohio but failed to allege any similar factual basis for their conclusory allegation that they had personally incurred response costs consistent with the National Contingency Plan. The district court was not, therefore, required to presume facts that would turn plaintiffs' apparently frivolous claim under Section 107 of CERCLA into a substantial one.
 
 III.
 
 17
 In paragraph 42 of their complaints, plaintiffs alleged a cause of action under Section 7002 of the RCRA, 42 U.S.C. Sec. 6972. Specifically, plaintiffs quoted Section 7002(a)(1)(B) for the proposition that:
 
 
 18
 a private citizen, after providing the requisite notice, may bring suit for appropriate relief upon receipt of evidence that the handling, storage, treatment, transportation or disposal of any solid or hazardous waste may present an imminent and substantial endangerment to health or the environment, against "any person contributing to such handling, storage, treatment, transportation or disposal...."
 
 
 19
 The district court concluded that dismissal under Section 7002(a)(1)(B) was warranted by the fact, established by the plaintiffs' complaints, that the USEPA and the OEPA are initiating a Remedial Investigation/Feasibility Study for the Industrial Excess Landfill and that such governmental action preempted plaintiffs' private injunctive suit under RCRA. See 42 U.S.C. Sec. 6972(b)(2)(B). We do not reach this issue, however, finding that the district court lacked jurisdiction to hear this cause of action.
 
 Section 7002(b)(1) of RCRA provides:
 
 20
 No action may be commenced under subsection (a)(1)(A) of this section --
 
 
 21
 (A) prior to 60 days after the plaintiff has given notice of the violation to --
 
 
 22
 (i) the Administrator; (ii) to the State in which the alleged violation occurs; and (iii) to any alleged violator of such permit, standard, regulation, condition, requirement, or order....
 
 
 23
 42 U.S.C. Sec. 6972(b)(1). This court, in Walls v. Waste Resource Corp., 761 F.2d 311, 316 (6th Cir.1985), held that this notice provision is mandatory and jurisdictional and must be alleged in any complaint brought under Section 7002. In the instant case, since neither of the complaints allege that this notice requirement has been satisfied, the district court lacked jurisdiction to hear this claim.[5]
 
 IV.
 
 24
 Plaintiffs contend that, even if the district court was correct in dismissing their federal claims, the dismissal should have been without prejudice so as to allow plaintiffs the opportunity to submit amended complaints making the requisite allegations. We disagree.
 
 
 25
 Plaintiffs were put on notice, by defendants' motions to dismiss, that defendants were asserting that plaintiffs had not sufficiently alleged response costs and that they had failed to allege compliance with RCRA's notice requirement. Yet plaintiffs made absolutely no effort to amend their complaints at any time during the period of more than a year that defendants' motions to dismiss were pending. In light of this circumstance, dismissal with prejudice was warranted.
 
 V.
 
 26
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 42 U.S.C. Sec. 6972 provides, in pertinent part:
 Except as provided in subsection (b) or (c) of this section, any person may commence a civil action on his own behalf--
 * * *
 (B) against any person ... who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment....
 
 
 [2]
 Plaintiffs' claim under 42 U.S.C. Sec. 6973 was dismissed by the district court on the ground that this section does not provide for a private right of action. Plaintiffs do not appeal this determination
 
 
 [3]
 Plaintiffs do not appeal the district court's dismissal of their claim under 42 U.S.C. Sec. 9606 on the ground that no private right of action is provided by this section
 
 
 [4]
 42 U.S.C. Sec. 9607(a) provides, in pertinent part:
 Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section --
 * * *
 (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, [and]
 (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment ... of hazardous substances owned or possessed by such person ...
 shall be liable for --
 * * *
 (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan; ....
 
 
 [5]
 This notice deficiency was brought to the district court's attention by defendants in their motions to dismiss. The district court, however, did not address this issue