**Ignatius ANG, Plaintiff,**

v.

**The PROCTOR & GAMBLE CO., Defendant.**

**No. C–1–88–0689.**

United States District Court, S.D. Ohio.

June 28, 1989.

Paul Tobias, Cincinnati, Ohio, for plaintiff.

Harold Freeman, Cincinnati, Ohio, for defendant.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court upon the motion of defendant The Proctor and Gamble Co. to dismiss plaintiff's claim of retaliatory dismissal under § 704(a) of Title VII of the amended complaint filed April 27, 1989 pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. No. 19). Memoranda in opposition to and in support of such motion have been filed by the parties (Doc. Nos. 22, 25). For the reasons contained herein defendant's motion is hereby GRANTED.

On August 3, 1988, plaintiff Ignatius G. Ang filed a complaint against his former employer The Proctor and Gamble Co. alleging that defendant had discriminated against him because of his race, ancestry, ethnicity and national origin (Doc. No. 1). On April 27, 1989, plaintiff filed an amended complaint in which he alleged in addition to that above, defendant discriminated against the plaintiff because of plaintiff's activities which were in opposition to the discriminatory practices of defendant. The basis of defendant's motion is that plaintiff's allegation of retaliatory dismissal is outside the scope of his administrative charge of discrimination, will fail as a matter of law and should therefore be dismissed.

## I.

A Rule 12(b)(6) motion examines whether a cognizable claim has been pleaded in the complaint. Rule 8(a) sets forth the basic federal pleading requirement that a pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). The objective of Rule 8(a)(2) is to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). The familiar standard enunciated in *Jones v. Sherrill,* 827 F.2d 1102, 1103 (6th Cir.1987) states:

> In reviewing a dismissal under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint. *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983), *cert. denied,* 469 U.S. 826 [105 S.Ct. 105, 83 L.Ed.2d 50] (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle them to relief. *Id.* at 158; *Conley v. Gibson,* 355 U.S. 41 [78 S.Ct. 99, 2 L.Ed.2d 80] (1957).

Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions are ordinarily required to satisfy federal notice pleading requirements. 5 C. Wright & A. Miller, Federal Practice & Procedure § 1357 at 596 (1969). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984) (*quoting In re Plywood Antitrust Litigation,* 655 F.2d 627, 641 (5th Cir.1981), *cert. dismissed,* 462 U.S. 1125, 103 S.Ct. 3100, 77 L.Ed.2d 1358 (1983)), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); see also *Sutliff, Inc. v. Donovan Cos.,* 727 F.2d 648, 654 (7th Cir.1984); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216 at 121–23 (1969). When scrutinizing the complaint, all well pleaded facts are construed liberally in favor of the party opposing the motion. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The United States Court of Appeals for the Sixth Circuit recently stated:

> "[W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

*Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir.1988); *McGregor v. Industrial Excess Landfill, Inc.,* 856 F.2d 39 (6th Cir.1988) *quoting, O'Brien v. DiGrazia,* 544 F.2d 543, 546 n. 3 (1st Cir. 1976).

The Court has carefully reviewed the pleadings and scrutinized the record. This Court finds that plaintiff has sufficiently plead his cause of action in conformance with the foregoing standard to sustain the burden imposed upon him. Accordingly, defendant's argument is rejected.

## II.

Defendant has alternatively argued its position pursuant to Federal Rule of Civil Procedure 12(b)(1) that since plaintiff's

claim was not first presented to the E.E.O.C., it may not be adjudicated before this Court.

It is a well settled doctrine in the United States Court of Appeals for the Sixth Circuit that a Title VII litigant's assertion of discriminatory conduct in Court is "limited to the scope of the E.E.O.C. investigation reasonably expected to grow out of the charge of discrimination." *E.E.O.C. v. McCall Printing*, 633 F.2d 1232, 1235 (6th Cir.1980); *E.E.O.C. v. Bailey Co.*, 563 F.2d 439, 446 (6th Cir.1977) *cert. denied*, 435 U.S. 915, 98 S.Ct. 1468, 55 L.Ed.2d 506 (1978). The United States Court of Appeals for the Sixth Circuit has further set forth its reasoning behind this Rule. First, it permits an effective functioning of Title VII when the persons filing complaints are not trained legal technicians. The Court of Appeals acknowledges that "charges of discrimination filed before an administrative agency are generally filed by lay complainants who are unfamiliar with the niceties of pleading and are acting without the assistance of counsel." *E.E.O.C. v. Bailey*, 563 F.2d at 446, *quoting, Tipler v. E.I. duPont deNemours & Co.*, 443 F.2d 125, 131 (6th Cir, 1971).

The Court of Appeals substantiated this position in *McBride v. Delta Air Lines*, 551 F.2d 113, 115 (6th Cir.1977), *vacated on other grounds*, 434 U.S. 916, 98 S.Ct. 387, 54 L.Ed.2d 273 (1977) stating that:

> Because administrative complaints are filed by completing a form designed to elicit specificity in charges, and because the forms are not legal pleadings and are rarely filed with the advice of legal counsel, any other standard would unreasonably limit subsequent judicial proceedings which Congress determined are necessary for effective enforcement of the legal standards established by Title VII. See House Report No. 92–238, U.S. Code Cong, and Admin. News, pp. 2141, 2147–48 (1972)

The second reason for limiting the assertion of discriminatory conduct to the scope of the E.E.O.C. investigation reasonably expected to grow out of a charge of discrimination was enunciated in *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970):

The logic of this Rule is inherent in the statutory scheme of Title VII. A charge of discrimination is not filed as a preliminary to a lawsuit. On the contrary, the purpose of a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC. Once a charge has been filed, the Commission carries out its investigatory function and attempts to obtain voluntary compliance with the law. Only if the EEOC fails to achieve voluntary compliance will the matter ever become the subject of court action. Thus it is obvious that the civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation.

In applying the Rule, Courts are to give charges of discrimination a liberal construction. *Farmer v. ARA Services, Inc.*, 660 F.2d 1096, 1105 (6th Cir.1981); See also *Jackson v. Ohio Bell Tel. Co.*, 555 F.Supp. 80 (S.D.Ohio 1982) (J. Rice).

The Court is unaware of any E.E.O.C. charge of discrimination or of an E.E.O.C. determination letter as part of the record. However, a charge of discrimination was filed with the Ohio Civil Rights Commission (O.C.R.C.). The Court observes that contained in the Charge of Discrimination form is a portion entitled **"Cause of discrimination based on (Check appropriate box(es))"**. It lists eight (8) separate categories which include: race, age, color, sex, retaliation, religion, national origin and other, with a box situated next to each category. The Court further observes that only national origin was checked, with the addition of **"Indonesia"** typed next to the box. The form also contains a separate segment entitled **"The particulars are"** in which the plaintiff typed:

I. I was terminated from my position as a Senior Systems Analyst on September 15, 1987 due to my national origin, Indonesian.

II. The Director (Richard Kiley) and Associate Director (Ron Yates) fired me for an alleged breach of company security and poor behavior.

III. I believe that I was fired because of my national origin (Indonesian)

854

since retained employees have done the same things as me without being fired.

 The Court additionally notes that plaintiff filed a request for withdrawal of the Charge from the O.C.R.C. so that he may request a Right to Sue Letter from the E.E.O.C. The O.C.R.C. in turn dismissed the case while making no determination that a violation of national origin occurred on September 15, 1987. Although no determination was made, it is clear to the Court that the scope of the investigation was limited to allegations based upon plaintiff's national origin. As previously mentioned, the record does not indicate that a charge of retaliatory discrimination was filed with the E.E.O.C. This Court adheres to the strict procedure followed when instances of discrimination of a kind other than those asserted in a private party's charge are raised during the course of an investigation of that charge. The employer is then entitled to be afforded notice of the allegation, an opportunity to participate in a complete investigation of such an allegation and also the opportunity to participate in meaningful conciliation discussions should reasonable cause be found to the charge subsequent to an E.E.O.C. investigation. *See E.E.O.C. v. Bailey Co.*, 563 F.2d at 448; Section 706(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(b).

Pursuant to the foregoing, this Court finds that the allegations of retaliatory discrimination are simply not within the scope of an investigation reasonably related to plaintiff Ang's charge of national origin discrimination. Furthermore, defendant is entitled to his due process safeguards established under Title VII as well as an opportunity to conciliate a charge of retaliatory discrimination. Accordingly, defendant The Proctor and Gamble Co.'s motion to dismiss plaintiff's claim of retaliatory dismissal under § 704 of Title VII from the amended complaint is hereby GRANTED.

IT IS SO ORDERED.