880 F.2d 1321
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl Rudolph BRANHAM, Plaintiff-Appellant,
v.
Richard P. SEITER, Defendant-Appellee.
 No. 89-3036.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1989.
 
 1
 Before KRUPANSKY and RYAN, Circuit Judges and HENRY R. WILHOIT, Jr., District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Carl Branham, an Ohio state prisoner, requests the appointment of counsel on appeal of the dismissal of his civil rights suit filed under 42 U.S.C. Sec. 1983. Branham sued the former director of the Ohio Department of Rehabilitation and Correction, and John Doe, an unknown person who substituted for the regular prison physician during March 1987. The complaint alleged that Doe had taken Branham off medical idle status, resulting in his assignment to a job which he allegedly could not perform. Defendant Seiter moved to dismiss based on the arguments that an eighth amendment claim was not stated, he could not be held liable on the theory of respondeat superior, and that the suit was barred by the statute of limitations. The district court dismissed the case based on the latter ground.
 
 
 4
 Upon consideration, we conclude that the dismissal of this case must be affirmed for reasons other than that relied on by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985). This court has now held that a two year statute of limitations applies to Sec. 1983 claims filed in Ohio, Browning v. Pendleton, 869 F.2d 989, 990 (6th Cir.1989) (en banc); under that statute the instant complaint was timely filed. However, the dismissal of this case must be affirmed, as Branham failed to state a claim under the eighth amendment. Branham's vague allegations did not establish deliberate indifference to a serious medical need, see Estelle v. Gamble, 429 U.S. 97, 106 (1976), and the court is not required to presume the existence of unalleged facts necessary to state a substantial claim. See McGregor v. Industrial Excess Landfill, Inc., 856 F.2d 39, 42-43 (6th Cir.1988) (per curiam). Moreover, Branham's claim against defendant Seiter is meritless, as liability under Sec. 1983 may not be based on the doctrine of respondeat superior. See Alioto v. City of Shively, 835 F.2d 1173, 1175 (6th Cir.1987).
 
 
 5
 Accordingly, Branham's motion for counsel is hereby denied, and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation