898 F.2d 155
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pearly L. WILSON, Plaintiff-Appellant,
v.
AMERICAN TOBACCO COMPANY, Defendant-Appellee, (89-3909)
R.J. Reynolds Tobacco Company, Defendant-Appellee, (89-3910)
Cuesta-Rey & Company, Defendant-Appellee. (89-3911)
 Nos. 89-3909 to 89-3911.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1990.
 
 1
 Before RALPH B. GUY Jr. and BOGGS, Circuit Judges, and AVERN COHN, District Judge.*
 
 ORDER
 
 2
 Pearly L. Wilson is a pro se Ohio prisoner who appeals the district court's dismissal of a diversity case that he had filed under 28 U.S.C. Sec. 1332 (1989). His appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Wilson had filed separate complaints against various tobacco companies alleging: 1) that they were negligent because they failed to warn non-smokers about the harmful effects of passive smoke; 2) that they failed to "brand" their products as required by 15 U.S.C. Secs. 1331-40 (1982 and Supp.1989); and 3) that their products were "defective and unreasonably dangerous" to non-smokers. The district court consolidated Wilson's cases for pretrial purposes, and three of the defendants filed motions to dismiss. The court granted these motions by a judgment that was entered on August 1, 1989. Wilson's motion for reconsideration was denied on September 20, 1989.
 
 
 4
 On appeal, Wilson argues that the district court erred by considering whether the defendants had acted under color of law when his diversity case was not brought under 42 U.S.C. Sec. 1983 (1981). However, Wilson's argument misconstrues the reasoning of the court. The district court properly considered state action in this diversity case in an attempt to give a liberal reading to Wilson's pro se complaint. Wilson is a Muslim. His negligence claim includes an allegation that the defendants should have issued warnings that smoking offends Muslims and other religious groups. The district court correctly held that the defendants did not have a legal duty to respect Wilson's religious sensibilities because they were not acting under color of law. Cf. United Brotherhood of Carpenters, Local 610 v. Scott, 463 U.S. 825, 833 (1983).
 
 
 5
 In addition, Wilson's claim that the defendants had a duty to warn him about the moral and physical dangers of smoking is preempted by the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. Secs. 1331-40 (1982 and Supp.1989) ("the act"). See Roysdon v. R.J. Reynolds Tobacco Co., 849 F.2d 230, 233-35 (6th Cir.1988). In Roysdon, this court held that a common law tort claim for the failure to warn was preempted because the defendant had provided the warnings that are required by the act. Id. at 235. Although Wilson has alleged that two of the three defendants were in violation of the act, the district court correctly found that these claims were "frivolous and open to interpretation."
 
 
 6
 "A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988) (quoting O'Brien v. DiGrazia, 544 F.2d 543, 546 n. 3 (1st Cir.1976), cert. denied, 431 U.S. 914 (1977)). Wilson's unsupported legal conclusions are insufficient to satisfy the requirements of Fed.R.Civ.P. 8(a). See Scheid, 859 F.2d at 437; McGregor v. Industrial Excess Landfill, Inc., 856 F.2d 39, 42-43 (6th Cir.1988). Moreover, Wilson failed to clarify his allegations even after the defendants asserted that they were too vague to state a claim under the act. Cf. McGregor, 856 F.2d at 44. Under these circumstances, the district court was not required to presume facts that would turn Wilson's "apparently frivolous claim ... into a substantial one." Id. at 43. Thus, it was appropriate for the court to dismiss Wilson's claim under the act and also appropriate for the court to apply the preemption doctrine to his negligence claims.
 
 
 7
 Finally, Wilson alleges that the defendants' products are "defective and unreasonably dangerous to the health of non-smokers and non-users." Wilson has failed, however, to demonstrate that he has suffered any specific injury as a result of his exposure to secondary smoke. In Roydson, we held that cigarettes were not "defective" or "unreasonably dangerous" to primary smokers under Tennessee law. 849 F.2d at 236. Because Wilson has presented no evidence that tobacco products are "defective and unreasonably dangerous to the health of non-smokers" under Ohio law, the plaintiff in this case has failed to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).
 
 
 8
 Accordingly, Wilson's request for counsel is hereby denied and the district court's judgment dismissing these cases is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation