**Neil E. CHARTRAND, Individually, Neil E. Chartrand d/b/a Blue River Development Corporation and Neil E. Chartrand, Inc., a Michigan corporation, Plaintiffs,**

v.

**CHRYSLER CORPORATION, a Delaware corporation, Defendant.**

No. 90–CV–73854–DT.

United States District Court, E.D. Michigan, S.D.

March 12, 1992.

John G. Gleeson, Paul S. Koczkur, Stephen P. Vella, Harvey, Kruse, Westen & Milan, P.C., Troy, Mich., for plaintiffs.

Joel M. Shere, Keith J. Lerminiaux, Sharon R. O'Keefe, Kickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on defendant's Fed.R.Civ.P. 12(b)(6) motion to dismiss Counts II and IV of plaintiffs' complaint.[1] For the reasons hereafter stated,

---

1. With respect to Count IV of plaintiffs' com-    plaint, plaintiffs have asserted a cause of action

defendant's motion is granted in part and denied in part.

## I. FACTS

Plaintiffs' action arises out of the defendant's transfer of approximately 27.597 acres of real property located in Marysville, Michigan, to plaintiffs on November 4, 1980. Plaintiffs bought the property as a cite for residential condominiums. Plaintiffs now allege that they are unable to develop a portion of the property because waste materials have been discovered thereon. Plaintiffs contend that they did not know the property was contaminated when purchased.

On August 31, 1990, plaintiffs filed a complaint in this Court raising various state and federal environmental law and common law claims. Plaintiffs filed a first amended complaint on October 29, 1990. Plaintiffs' state law claims were remanded pursuant to an Order of this Court dated July 10, 1991, leaving only Counts I through IV of the first amended complaint.

Count IV alleges that defendant-Chrysler Corporation violated section 1962(c) of RICO, 18 U.S.C. § 1962(c). Mail fraud and wire fraud are alleged as the predicate racketeering activities. In its motion, defendant urges that plaintiffs have failed to plead averments of fraud with particularity as required by Fed.R.Civ.P. 9(b). Accordingly, defendant charges, in substance, that Count IV of plaintiffs' complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

Count II of plaintiffs' complaint alleges a cause of action pursuant to the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6972. This section permits citizens' suits against any person, including the United States, and any other government instrumentality or agency, allegedly in violation of RCRA's substantive provisions. Defendant urges that plaintiffs, in prosecuting this claim, must be proceeding

under section 6972(a)(1)(A) in that plaintiffs filed the original complaint in this matter less than 90 days after they allegedly gave notice of a RCRA violation as required by the statute. This section, according to defendant, does not permit any suit based on "wholly past" violations of RCRA. And, since defendant's ownership and control of the subject property ceased before the RCRA regulations became effective, any alleged violation would necessarily be a "wholly past" one. Defendant thus concludes that Count II of plaintiffs' complaint fails to state a claim upon which relief can be granted.

## II. OPINION

### A. *Standard of Review*

■ A Fed.R.Civ.P. 12(b)(6) motion requires this Court to determine whether legally cognizable claims have been plead. This Court must accept as true all factual allegations in the complaint or countercomplaint, and the motion must be denied unless it appears beyond doubt that the nonmovant can prove no set of facts which would permit relief. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984).

### B. *Plaintiffs' RICO Claim*

As previously noted, the predicate offenses upon which plaintiffs rely in asserting their RICO claim are mail and wire fraud. Defendant urges that said complaint is grossly deficient in particularizing the circumstances constituting the alleged fraud. Thus, according to defendant, plaintiffs have failed to comply with the pleading requirements for fraud under Fed. R.Civ.P. 9(b).

■ As is customary in this Court, when plaintiffs allege a claim under RICO they are ordered to prepare a case statement detailing the alleged predicate activities upon which they will rely. Plaintiff was

---

based on the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. Defendant argues that said claim should be dismissed pursuant to Fed.R.Civ.P. 9(b) in that plaintiffs have failed to plead fraud with partic-

ularity as required under that rule. Rule 9(b), however, does not provide a mechanism which permits this Court to dismiss a claim. Rather, the Court must consider defendant's motion under Fed.R.Civ.P. 12(b)(6).

expressly asked to elaborate on the following by Order of July 2, 1991:

> If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Identify the time, place and contents of the misrepresentations, and the identity of persons to whom and by whom the representations were made;

*See Order for Case Statement,* p. 2. Plaintiffs responded that their "RICO claim does not claim any offense with respect to the sale of securities." *Plaintiffs' Case Statement,* p. 5. Plaintiffs' answer is blatantly deficient and thus constitutes a violation of this Court's Order. Accordingly, sanctions pursuant to Fed.R.Civ.P. 11 are appropriate.[2] Plaintiffs will nonetheless be given until March 27, 1992 to amend Count IV of their complaint and supplement their case statement. Defendant's motion with respect to Plaintiffs' RICO claim is therefore DENIED.

### C. *Plaintiffs' RCRA Claim*

Section 7002 of RCRA, 42 U.S.C. § 6972, provides two distinct causes of action for private citizens. Section 6972(a)(1)(A) provides that any person may commence a civil action on his own behalf:

> against any person ... who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter....

*Id.* However, no action may be commenced under this subsection prior to 60 days after a plaintiff has given notice of an alleged RCRA violation to the Administrator of the Environmental Protection Agency, the state in which the alleged violation occurs, and to any alleged violator. 42 U.S.C. § 6972(b).

Section 6972(a)(1)(B), on the other hand, provides that any person may commence a civil action on his own behalf:

> against any person ... including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an eminent and substantial endangerment to the health or the environment....

*Id.* Unlike section 6972(a)(1)(A), actions under this subsection require 90 days notice to the aforementioned parties prior to proceeding. 42 U.S.C. § 6972(b).

Unfortunately, plaintiffs have not specified in their complaint which of the two provisions their RCRA claim falls under. But, given that plaintiffs filed this action on August 31, 1990, less than 90 days after they contend that they gave the requisite notice,[3] this Court concludes that plaintiffs must be proceeding under subsection 6972(a)(1)(A).

The operative language of this subsection is "to be in violation...." In *Gwaltney v. Chesapeake Bay Foundation, Inc.,* 484 U.S. 49, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987), the United States Supreme Court had occasion to construe the meaning of the phrase "to be in violation" under the citizens' suit provision of the Clean Water Act. The Court observed that "[t]he most natural reading of 'to be in violation' is a requirement that citizen-plaintiffs allege a state of either continuous or intermittent violations—that is a reasonable likelihood that a past polluter will continue to pollute in the future. Congress could have phrased its requirement in language that looked to the past ('to have violated'), but it did not choose this readily available option." *Id.* at 57, 108 S.Ct. at 381. As a result, the Supreme Court concluded that this provision allows for only prospective

---

**2.** Defendant is asked to submit to this Court a proposed order setting forth its costs and fees regarding preparation of its motion to dismiss plaintiffs' RICO claim.

**3.** Plaintiffs allege that they gave notice of an alleged RCRA violation to all necessary parties on June 8, 1990.

relief and bars any suit based on "wholly past" violations of said Act. *Id.* at 64, 108 S.Ct. at 384–85.

 The *Gwaltney* Court's interpretation of the phrase "to be in violation" applies with equal force to the identical phrase contained in the citizens' suit provision of RCRA. Indeed, the *Gwaltney* Court specifically identified the RCRA provision as one of several environmental statutes that "authorize only prospective relief." *Id.* at 57, 108 S.Ct. at 381. Accordingly, section 6972(a)(1)(A) bars any suit based on "wholly past" violations of RCRA.

▆▆▆ In the instant matter, defendant transferred the subject property to plaintiff on November 4, 1980. RCRA's proscriptions became effective on November 19, 1980. Because defendant's alleged hazardous waste activities predate both the effective date of the RCRA regulations as well as the filing date of plaintiffs' complaint, plaintiffs seek relief for "wholly past" violations of RCRA. Under *Gwaltney,* such a claim cannot stand. Plaintiffs have thus failed to state a claim upon which relief can be granted.[4]

▆▆ RCRA allows courts to award costs of litigation, including reasonable attorney and expert witness fees, to the prevailing or substantially prevailing party, whenever the court determines such an award is appropriate. 42 U.S.C. § 6972(e). Clearly, defendant is a "substantially prevailing party" with respect to plaintiffs' RCRA claim. However, this Court finds that an award of costs would be inappropriate in that there has not been any discovery unique to the RCRA claim as opposed to the other legal theories posited by the plaintiffs.

---

4. This Court further notes that plaintiffs have the burden of distinctly and affirmatively pleading the facts forming the basis of subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). With respect to their RCRA claim, plaintiffs have not alleged in their complaint that they have complied with the mandatory notice requirement contained in RCRA. The

### III. CONCLUSION

For all the foregoing reasons, defendant's motion with respect to Count IV of plaintiffs' complaint is DENIED, but is GRANTED with respect to Count II of plaintiffs' complaint. Accordingly, Count II of plaintiffs' complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

Sixth Circuit has established that federal district courts lack subject matter jurisdiction to entertain RCRA claims absent such an allegation. *McGregor v. Industrial Excess Landfill, Inc.,* 856 F.2d 39, 43 (6th Cir.1988); *Walls v. Waste Resource Corp.,* 761 F.2d 311, 316 (6th Cir.1985). Thus, this Court also lacks subject matter jurisdiction to hear this claim.